Robert D. Hecht District Attorney, Third Judicial District Shawnee County Courthouse 200 Southeast 7th Street, Suite 214 Topeka, Kansas 66603
Dear Mr. Hecht:
You request our opinion regarding whether a district attorney's office may contract with a city or county to provide the service of reviewing building plans and specifications for new construction and for alterations of existing facilities to determine compliance with the Americans with Disabilities Act (ADA).[1] You indicate that your office employs a person who is knowledgeable about ADA building requirements. Although you believe this function is outside the responsibility of your office, the City of Topeka and Shawnee County rely on your office for review of building plans for ADA compliance. Because providing this service creates a drain on your personnel and budget, you ask whether you could contract with the City of Topeka and Shawnee County to provide this service with payment to be made by the City or County or by the contractor or property owner.
The Kansas Architectural Accessibility Standards Act (KAASA)[2]
incorporates ADA requirements for "the design and construction of all new, additions to and alterations of, facilities in this state."[3] The entity charged with enforcement of the KAASA depends on the type of facility involved.
 "The responsibility for enforcement of this act shall be as follows: . . . .
 "(3) for all existing facilities, and the design and construction of all new, additions to and alterations of, any local government facilities where funds of a county, municipality or other political subdivision are utilized, the governmental entity thereof or an agency thereof designated by the governmental entity;
 "(4) for the design and construction of all other new, additions to and alterations of, facilities which are subject to the provisions of this act, the building inspector or other agency or person designated by the governmental entity in which the facility is located. . . ."[4]
A governmental entity's duty to enforce ADA requirements when issuing building permits for new construction or additions to and alterations of existing facilities is not discretionary. The Kansas Supreme Court has held that a mandamus action was proper against a city when evidence established that the city had no mechanism for ensuring that new construction complied with the ADA.[5]
Under the KAASA, a district attorney may apply to the district court for a temporary or permanent injunction to restrain an individual, corporation or partnership from violating the standards established by the Kansas Act.[6] Further, a district attorney is authorized to sue for civil penalties and collect reasonable expenses and investigation fees as determined by the court.[7] A district attorney's responsibilities under the KAASA are limited to instituting and pursuing court actions against alleged violators. A district attorney has no duty to review plans and specifications for facilities as they are being built or altered to see if they comply with ADA requirements. That duty is placed on the building inspector or other agency or person designated by the governmental entity in which the facility is located. From your letter, it appears that governmental entities in Shawnee County have designated your office to carry out their enforcement responsibilities.
K.S.A. 22a-106 provides in pertinent part as follows:
 "(a) Within the limits of appropriations therefor, the district attorney shall appoint such assistant district attorneys, deputy district attorneys and other stenographic, investigative and clerical hire as may be necessary to carry out the functions of the district attorney's office. . . ."[8]
Because the review of building plans and specifications for ADA requirements is not a statutory function of the district attorney's office, a district attorney is not authorized to appoint a person to carry out that function. Therefore, you ask whether you may contract with the City and County to provide this service and receive payment from them or from the contractor or property owner.
K.S.A. 22a-106(b) requires that:
 "Each district attorney and his assistant district attorneys shall devote full time to official duties. . . ."[9]
Because your official duties do not include the review of building plans and specifications for compliance with the ADA, it is our opinion that you lack the authority to contract with a local governmental unit to provide this service. The KAASA places the responsibility for its enforcement on the government entity in which a facility is located, and permits a governmental entity to designate a person other than its building inspector to carry out its responsibilities. Therefore, if the City of Topeka and Shawnee County wish to continue utilizing the person in your office to carry out their responsibilities under the KAASA, it may be possible for them to either hire or contract with this person to continue providing this service for them.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] 42 U.S.C. § 12101 et seq.
[2] K.S.A. 58-1301 et seq.
[3] K.S.A. 58-1301.
[4] K.S.A. 2001 Supp. 58-1304(a).
[5] Link, Inc. v. City of Hays, 268 Kan. 372 (2000).
[6] K.S.A. 58-1308.
[7] K.S.A. 58-1309.
[8] Emphasis added.
[9] Emphasis added.